UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BASHIR AHMAD ARIF,

                         Petitioner,                    Case No. C26-2513-MLP

        v.                                              ORDER

MARKWAYNE MULLIN, *et al.*,

                         Respondents.

Petitioner Bashir Ahmad Arif, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, is unlawful and violates his due process rights. (Dkt. # 1.) Respondents filed a return (dkt. # 6), supported by a sworn declaration from Deportation Officer Christopher Hubbard (dkt. # 7), and a declaration from Respondents' counsel, Jennifer Wong (dkt. # 8). Petitioner filed a traverse. (Dkt. # 9.) Having reviewed the parties' submissions and the governing law,[1] the Court GRANTS in part the petition. (Dkt. # 1.)

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

ORDER - 1

# I.    BACKGROUND

Petitioner, a native and citizen of Afghanistan, was paroled into the United States on August 24, 2021, at Dulles International Airport as part of Operation Allies Refuge. (Hubbard Decl., ¶ 3; Wong Decl., Ex. 1.) As part of that parole, Petitioner was granted temporary authorization to remain in the United States until August 23, 2023, and his parole was later extended through August 23, 2025. (Hubbard Decl., ¶ 3.)

On August 4, 2022, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, with United States Citizenship and Immigration Services ("USCIS"). (Hubbard Decl., ¶ 5.) USCIS denied the application on April 22, 2025. (*Id.*)

On June 29, 2025, U.S. Border Patrol encountered Petitioner near the Peace Arch in Blaine, Washington. Because he still held parole status, he was admitted into the United States. (Hubbard Decl., ¶ 6.) His parole expired on August 23, 2025. (*Id.*) On December 19, 2025, Petitioner again traveled to Blaine, Washington, where Canadian officials encountered him near the Pacific Highway Port of Entry and returned him to the United States pursuant to the U.S.-Canada Safe Third Country Agreement. (*Id.*, ¶ 7.)

Upon his return on December 19, 2025, the Department of Homeland Security ("DHS") issued and served a Notice to Appear ("NTA"), charging inadmissibility under Immigration and Nationality Act § 212(a)(7)(A)(i)(I), codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Hubbard Decl., ¶ 8.) That NTA was never filed with the immigration court. (*Id.*) ICE issued a warrant the same day and, on December 20, 2025, transferred Petitioner to NWIPC, where he remains detained. (*Id.*, ¶ 9.)

On January 20, 2026, DHS filed a new NTA with the Tacoma Immigration Court, repeating the earlier allegations. (Hubbard Decl., ¶ 10; Wong Decl., Ex. 2.) On February 24,

ORDER - 2

2026, Petitioner filed an application for relief with the immigration court and amended it on March 12, 2026. (Hubbard Decl., ¶¶ 11-12.)

On March 27, 2026, Petitioner filed his first habeas petition. *See Arif v. Mullin*, 2026 WL 1224088, at *1 (W.D. Wash. May 5, 2026).

On April 2, 2026, the immigration judge ordered Petitioner removed to Afghanistan. (Hubbard Decl., ¶ 14; Wong Decl., Ex. 3.) Petitioner timely appealed to the Board of Immigration Appeals ("BIA") on May 4, 2026; that appeal remains pending. (Hubbard Decl., ¶ 15.) Petitioner is therefore not subject to a final order of removal.

On May 5, 2026, the Court denied the first habeas petition, holding Petitioner was mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). *Arif*, 2026 WL 1224088, at *3. On May 27, 2026, Petitioner sought bond redetermination; on June 2, 2026, the immigration judge denied bond for lack of jurisdiction. (Hubbard Decl., ¶¶ 17-18; Wong Decl., Ex. 4.) Petitioner did not appeal. (Hubbard Decl., ¶ 18.)

Petitioner filed the instant habeas petition on July 16, 2026. (Dkt. # 1.)

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Petitioner argues he is entitled to release or a bond hearing because his continued detention without an opportunity to challenge its necessity violates the Fifth Amendment's Due

ORDER - 3

Process Clause. (Dkt. # 1 at 3.) Respondents contend Petitioner is mandatorily detained under § 1225(b)(2)(A) and that any request for a new bond hearing is barred as an abuse of the writ or, alternatively, unexhausted. (Dkt. # 6 at 1-2.)

### A.   Abuse-of-the-Writ Doctrine

Respondents argue this petition is successive and barred. (Dkt. # 6 at 5.) The Court previously noted Petitioner had been detained "approximately four months" and did not raise a prolonged-detention claim. *Arif*, 2026 WL 1224088, at *3 n.5. Petitioner has now been detained for more than seven months. This claim therefore could not have been raised earlier. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Respondents have not shown abuse of the writ. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

### B.   Prudential Exhaustion

Exhaustion in habeas is prudential, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Even where prudential factors favor exhaustion, courts may excuse it if administrative remedies are inadequate, futile, or risk irreparable injury. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021).

Here, requiring an appeal of the immigration judge's jurisdictional denial to the BIA would unreasonably prolong detention and be futile. *See*, *e.g.*, *Segura Serrano v. Scott*, 2026 WL 1674357, at *3-4 (W.D. Wash. May 26, 2026); *Jacobo Ramirez v. Noem*, 817 F. Supp. 3d 1037, 1050 (D. Nev. 2025). Exhaustion is therefore excused. *See Vasquez-Rodriguez*, 7 F.4th at 896.

### C.   Prolonged Detention Under *Banda*

Courts in this District assess due process challenges to § 1225(b) detention under the six *Banda* factors: (1) total length of detention; (2) likely future duration; (3) conditions of detention; (4) delays caused by the detainee; (5) delays caused by the government; and (6) likelihood of a

ORDER - 4

final removal order. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019); *see Maliwat v. Scott*, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (collecting cases). The first factor is the most important. *Banda*, 385 F. Supp. 3d at 1118.

On balance, the factors favor Petitioner. First, Petitioner has been detained for more than seven months, beyond the rough six-month threshold at which detention becomes increasingly unreasonable. *See L.B.O.M. v. Hermosillo*, 2026 WL 266068, at *3 (W.D. Wash. Feb. 2, 2026); *Odimara v. Bostock*, 2024 WL 3862256, at *6 (W.D. Wash. July 12, 2024), *report and recommendation adopted,* 2024 WL 3859703 (W.D. Wash. Aug. 19, 2024). This factor favors Petitioner.

Second, the likely future duration also favors Petitioner, as his BIA appeal remains pending with no clear timeline for resolution. *See Banda*, 385 F. Supp. 3d at 1119.

Third, NWIPC conditions are akin to those in many jails and prisons, which weighs in Petitioner's favor. *See Maliwat*, 2025 WL 2256711, at *6; *Duvine v. Hermosillo*, 814 F. Supp. 3d 1230, 1235 (W.D. Wash. 2026).

The remaining factors are neutral. The record does not show dilatory conduct by either party or establish the likelihood of a final removal order at this stage. Respondents do not address the *Banda* factors. (*See* dkt. # 6.)

Because three factors—including the most important—favor Petitioner, and none favor Respondents, the Court concludes Petitioner's detention has become unreasonably prolonged. *See Banda*, 385 F. Supp. 3d at 1120; *Maliwat*, 2025 WL 2256711, at *9.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)   The petition for writ of habeas corpus (dkt. # 1) is GRANTED in part;

ORDER - 5

(2)     Respondents shall provide Petitioner with an individualized bond hearing on or before **August 17, 2026**. The bond hearing shall comply with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011): there must be a contemporaneous record, and the government bears the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. If Respondents do not provide such a hearing by August 14, 2026, they shall release Petitioner within 24 hours under appropriate conditions of supervision. Nothing in this Order prevents the immigration judge from granting a continuance requested by Petitioner.

(3)     Respondents shall file a status report with the Court on or before **August 19, 2026**, stating whether and when the bond hearing occurred, whether bond was granted or denied, and, if denied, the reasons for denial.

Dated this <u>10th</u> day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6